FILED
SUPERIOR COURT
OF GUAM

2021 FEB -5 AM 9: 54

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0315-20** |
| Plaintiff, | |
| v. | **DECISION AND ORDER**<br>Re: Defendant's Motion in Limine to<br>Exclude GRE 413 and 404(b) Evidence |
| **MICHAEL JASON MENDIOLA SABLAN,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 4, 2021, upon Defendant's Motion in Limine to Exclude GRE 413 and 404(b) Evidence. Plaintiff, the People of Guam, are represented by Assistant Attorney General Jeremiah B. Luther. The Defendant, Michael Jason Mendiola Sablan ("Sablan"), is represented by the Public Defender Service Corporation through John P. Morrison, Esq. A hearing was held on the matter on February 4, 2021. For the reasons set forth below, having reviewed the moving papers and the oral arguments of the parties, the Court **DENIES** the Defendant's Motion in Limine.

## BACKGROUND

On July 31, 2020, Sablan was indicted through a grand jury with the *First Charge* of **FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony),** and the *Second Charge* of **SECOND DEGREE CRIMINAL SEXUAL CONDUCT (As**

CF0315-20, People of Guam. v. Michael Jason Mendiola Sablan
Decision and Order (Motion in Limine).
Page 1 of 7

**a First Degree Felony).** Indictment (Jul. 31, 2020). The Indictment alleges Sablan intentionally engaged in digital sexual penetration of his daughter, V.S., a minor under the age of fourteen (14) at the time of the incident. *Id.* The Indictment further alleges Sablan intentionally engaged in sexual contact, through touching the primary genital area of his daughter, V.S., a minor under the age of fourteen (14) at the time the of the incident. *Id.*

The People filed a notice of their intention to admit evidence of a prior allegation of Criminal Sexual Conduct made by another daughter of Sablan, named as E.W., which the People filed on January 21, 2021. See People's Not. of Intent to Admit Evid. (Jan. 21, 2021). In response, Sablan filed the motion before us on January 29, 2021. Def.'s Mot. in Limine to Exclude Evid. (Jan. 29, 2021). The People filed a response on February 2, 2021. People's Resp. to Def.'s Mot. in Limine (Feb. 2, 2021). A hearing was held on the matter on February 4, 2021, and the Court subsequently took the matter under advisement.

## DISCUSSION

### I. Guam Rule of Evidence 413

Guam Rule of Evidence 413, which governs the admission of prior acts in a criminal sexual conduct case states, in relevant part:

(a) In a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant.

(b) In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause.

GRE 413(a)-(b).

CF0315-20, People of Guam. v. Michael Jason Mendiola Sablan
Decision and Order (Motion in Limine).

Page 2 of 7

Relevant evidence has "a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 6 GCA § 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." GRE 403. The Court looks to FRE 413, the analogous federal statute of GRE 413, in examining the parameters of GRE 413. Seeking admission of prior criminal acts under such rules do have limitations because the rule is not "a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *People v. Lemay*, 260 F.3d 1018, 1022 (9th Cir. 2001) (analyzing FRE 414); *U.S. v. Redlightning*, 624 F.3d 1090 (9th Cir. 2010) (applying *Lemay* to FRE 413).

### II. Applicability of GRE 413 Factors to Sablan

#### A. Timeliness

First, Sablan argues that the law requires the People to "disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause." GRE 413(b). He continues "[t]he defense is entitled to the disclos[ure] of the information fifteen days prior to trial and in this case received notice four days before the trial was scheduled, five days before it actually began." Def.'s Mot. in Limine at 2 (Jan. 29, 2021). Finally, Sablan argues, "GRE 413 does allow for good cause exceptions to the disclosure requirement but in this case no good cause is found." *Id.* at 3.

The goal of fifteen day period proscribed in the statute is to prevent unfair surprise and allow the Defense to prepare for trial. Here, while voir dire occurred five (5) days after the disclosure was made, opening arguments do not commence until February 8, 2021, giving Sablan seventeen (17) days to prepare for E.W.'s testimony. Sablan points out that trial commences when voir dire begins in good faith. See *In Re: Mark A. Torre*, WRM20-001; See also *Rhinehart v. Municipal Court*, 677 P.2d 1206, 1211-12 (Cal. 1984) (*en banc*). Still, the seventeen day period gives Sablan ample opportunity to prepare for the testimony of V.W. Further, even if timely notice was not given, there exists good cause for the untimely disclosure.

CF0315-20, People of Guam. v. Michael Jason Mendiola Sablan
Decision and Order (Motion in Limine).

Page 3 of 7

At the hearing, the People stated that "E.W. came out and told us, and we disclosed it to the Defense counsel as soon as we had that information." Motion Hearing at 9:19:33 (Feb. 4, 2021). E.W. related her alleged experience with Sablan through her own volition and the purpose of the interview with the People, scheduled on January 21, 2021, was not to elicit another criminal sexual conduct allegation. The People were unaware of the existence of this testimony prior to that date. Further, Sablan was aware of E.W. as a potential witness, as she is listed in the Defendant's Witness List and Defenses, filed on January 11, 2021, so the danger of unfair surprise is somewhat limited. See Def.'s Witness List and Defenses (Jan. 11, 2021).

The Fifth Circuit dealt with a similar issue stating, "[t]he Government had good cause for not providing pretrial notice. It did not learn of [witness] testimony until after the trial had already started. The Government alerted defense counsel to [witness'] testimony on the same day it learned of it and faxed the content of the testimony the next day. In, fact defense counsel had at least three days to prepare . . . ." *U.S. v. Guidry*, 456 F.3d 493, 504 (5th Cir. 2006). Here, the testimony was discovered before trial, albeit within days of the start of trial, and the Government promptly notified Sablan. Further, defense counsel had much more time to prepare, a full seventeen (17) days, compared to the three (3) in *Guidry*. It is true that late notice can prejudice the Defendant, but the Court can mitigate prejudice by limiting the testimony, or allowing defense counsel to interview the witness. See *Id.* Thus, the Court finds the People had good cause to give late notice.

### B.  Threshold Test of Applicability

In *Guam v. Chinel*, 2013 Guam 24 ¶ 25, the Guam Supreme Court adopted the federal three-part test for reviewing Rule 413 issues. "First, the defendant in the present case must be accused of sexual assault." *Id.* "Second, the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault." *Id.* "Third, the past act must be relevant, meaning that its existence must make any fact at issue more or less probable than if such evidence were excluded."

Here, all three threshold requirements are satisfied. First, Sablan's current charges are the *First Charge* of **FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony)**, and *Second Charge* of **SECOND DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony)**. Both are crimes involving criminal

CF0315-20, People of Guam. v. Michael Jason Mendiola Sablan
Decision and Order (Motion in Limine).

Page 4 of 7

sexual conduct. Second, the testimony offered by E.W. details another alleged incident of digital penetration of a minor under the age of fourteen (14), which would constitute a criminal sexual crime.

Third, the alleged existence of past sexual acts involving minors makes the current allegation which also involves sexual conduct with a minor, more probable. For this prong, "evidence that person committed a past act similar to the one charged is usually probative of their likelihood to have committed the charged act." *Chinel*, 2013 Guam 24 ¶ 28. The allegation testified to by E.W. involves Sablan committing digital penetration of the vagina, on his daughter, who was under the age of fourteen (14) at time. This is highly relevant and probative of his likelihood to have committed the current alleged criminal sexual conduct against another daughter, V.S, involving the same mode of conduct. Therefore, the proposed testimony has probative value.

### C. Weighing of Probative Value Over Prejudicial Effect

Despite having met the required threshold inquiry, the Court must conduct a Rule 403 analysis into whether the prejudicial value of the evidence outweighs its probative value. The Supreme Court of Guam instructs the court to consider:

> (1) the similarity of the prior acts to the acts charged,
> (2) the closeness in time of the prior acts to the acts charged,
> (3) the frequency of the prior acts,
> (4) the presence or lack of intervening circumstances, and
> (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* ¶ 36 (*citing U.S. v. Lemay*, 260 F.3d 1018, 1028 (9th Cir. 2001)).

However, "this list of factors is not exhaustive or mandatory, and the trial court retains flexibility to consider such other factors as are relevant to the cases before them." *Chinel*, 2013 Guam 24 ¶ 39. Moreover, the Guam Supreme Court does not "require that in every case the court must specifically address each factor." *Id.*

CF0315-20, People of Guam. v. Michael Jason Mendiola Sablan
Decision and Order (Motion in Limine).

Page 5 of 7

Here, similarities exist between Sablan's alleged prior act and the criminal sexual conduct charges here. They both involved digital penetration of a daughter's vagina who was under the age of fourteen (14). Sablan argues that the alleged conduct committed against E.W. occurred alone in a room, while the alleged conduct committed against V.S. occurred in a room with five (5) others who were sleeping but present. The Court is not persuaded that the status of the room constitutes a meaningful difference in light of the ages of the victims, their relationship with Sablan, and the mode of conduct, all being highly similar.

However, the acts are not close in time. The allegation occurred when E.W., now twenty six (26), was in sixth grade, at least fourteen (14) years ago. However, due to the similar ages of the victims at the time these allegations occurred, fourteen (14) years is still an acceptable time frame. The gap in age between the daughters, and the age in which they were both allegedly sexually assaulted, allows the wide temporal gap between allegations to remain probative.

Further, the acts appear to be infrequent. Only two such occurrences have been alleged, which is the bare minimum required for Rule 413 considerations. This factor weighs against admittance and towards unfair prejudice.

Next, there appears to be no intervening circumstances, and Sablan does not argue for any. Therefore, there are no intervening circumstances warranting exclusion, or bearing on the prejudicial or probative nature of the testimony, and thus intervening circumstances become a non-factor. See Lemay, 260 F.3d 1018, 1029 (9th Cir. 2001) ("[t]he intervening events factor seems to have little relevance in the present case.").

Finally, the Court reviews the necessity of admitting the testimony. Sablan contends that "that testimony of V.S. should be tested and the jury can speak to her credibility with their verdict. If the government's witness is credible, E.W.'s testimony is unnecessary." Def.'s Mot. in Limine (Jan 29, 2021). He continues, "using E.W's proffered statements to help V.S's testimony along and make it more believable is just as improper as a prosecutor bolstering testimony of a witness." Id. A novel argument, but the Court is unconvinced.

Sablan faces charges which involve sexual penetration of his minor daughter, and thus, prior acts are necessary to prove intent and a pattern of preying on the same type of victim. Based on this past allegation, a jury could infer that Sablan's conduct was not

CF0315-20, People of Guam. v. Michael Jason Mendiola Sablan
Decision and Order (Motion in Limine).
Page 6 of 7

accidental or a misunderstanding but rather his alleged intentional engagement of criminal sexual conduct. Moreover, the prior acts lay a clear pattern of Sablan's alleged criminal sexual involvement with his minor daughters.

### D. Limiting Prejudice

While prior acts carry some prejudice, that prejudice can be limited. In *Chinel,* the Guam Supreme Court approved of certain measures to limit the prejudice of Rule 413 Evidence. 2013 Guam 24 ¶ 46. The trial court, "gave a limiting instruction informing the jury that the prior [act] itself was not proof beyond a reasonable doubt of [the Defendant's] guilt in the present but went to any matter that was relevant." *Id.* at ¶ 48. Thus, while evidence of prior convictions is prejudicial, this Court will also limit that prejudicial impact by holding a hearing on the testimony outside the presence of the jury, with counsel present, in order to limit the testimony if necessary, and provide a limiting instruction.

### Conclusion

Based on the foregoing, Defendant Sablan's Motion in Limine to Exclude to Exclude GRE 413 and 404(b) Evidence is **DENIED**. However, the Court will remain vigilant to limit the prejudicial effect of the testimony.

**SO ORDERED** this _2/5/2021_.

_[signature]_

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_A6i poh_

Date: _2/5/21_ Time: _10:30_

Deputy Clerk, Superior Court of Guam

CF0315-20, People of Guam. v. Michael Jason Mendiola Sablan
Decision and Order (Motion in Limine).

Page 7 of 7